IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES R. BROPHY, JR. PLAINTIFF

vs. Civil No. 4:13-cv-04062

CAROLYN W. COLVIN DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

James R. Brophy, Jr. ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed his disability applications on September 22, 2009 (DIB) and September 28, 2009 (SSI). (Tr. 14). In these applications, Plaintiff alleges being disabled due to a broken back. (Tr. 194). Plaintiff alleges an onset date of July 24, 2009. (Tr. 14). These applications were denied initially and again upon reconsideration. (Tr. 86-89). Thereafter, Plaintiff

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 71-85, 102-103). Plaintiff's initial administrative hearing was held on January 3, 2011. *Id.* During this hearing, the ALJ noted that further record development was necessary. *Id.* Accordingly, the ALJ ordered additional testing and then held a second administrative hearing. *Id.*

On November 15, 2011, the second administrative hearing was held in Texarkana, Arkansas. (Tr. 26-70). Plaintiff was present at this hearing and was represented by Darrell Brown. *Id.* Plaintiff, Medical Expert ("ME") Charles Murphy, Psychology Expert ("PE") Albert Smith, and Vocational Expert ("VE") Judy Komerov testified at this hearing. *Id.* At this hearing, Plaintiff testified he was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 45). Plaintiff also testified he had obtained his GED. (Tr. 46).

After the hearing, on January 11, 2012, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 11-22). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2013. (Tr. 16, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 24, 2009, his alleged onset date. (Tr. 16, Finding 2). The ALJ determined Plaintiff had the following severe impairment: status post motor vehicle accident with residual thoracic surgery with Harrington rod fixation. (Tr. 16-18, Finding 3). Despite the severity of this impairment, the ALJ also determined it did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 18, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 18-21, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his

claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except with the following limitations: no ladders, ropes, or scaffolds; perform all other postural activities occasionally; occasionally push and pull; and, no exposure to vibration.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW. (Tr. 21, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 21-22, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ found Plaintiff retained the capacity to perform the following occupations: (1) lens inserter (sedentary, unskilled) with 100,000 such jobs in the nation and 3,000 such jobs in the state; (2) semiconductor bonder (sedentary, unskilled) with 24,000 such jobs in the nation and 1,100 such jobs in the state; and (3) surveillance systems monitor (sedentary, unskilled) with 79,000 such jobs in the nation and 1,500 such jobs in the state. *Id.* Because he retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from July 24, 2009 through the date of his decision or through January 11, 2012. (Tr. 22, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 8). On February 8, 2013, the Appeals Council denied this request for review. (Tr. 3-5). On June 6, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on June 25, 2013. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 11, 13. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff claims the following: (A) the ALJ erred by finding his impairment did not meet the requirements of any of the Listings; (B) the ALJ erred in discrediting his subjective complaints of pain; (C) the ALJ erred in discrediting the RFC assessment of Dr. Bernard Crowell, M.D.; and (D) the ALJ erred by failing to present a hypothetical to the VE which included all of his limitations. ECF No. 11. The Court will address all the arguments Plaintiff has raised.

**A. Evaluation of the Listings**

Plaintiff claims the ALJ erred in finding his impairment did not meet the requirements of Listing 1.00(B)(2)(b). ECF No. 11 at 11-14. In response to this argument, Defendant disagrees and

argues substantial evidence supports the ALJ's finding that Plaintiff's impairment did not meet the requirements of any of the Listings. ECF No. 13.

Upon review, the Court finds Plaintiff has provided no basis for reversal on this issue. As an initial matter, Listing 1.00(B)(2)(b) is an introductory section and is not a separate one of the Listings. Thus, Plaintiff cannot be found to be disabled under Listing 1.00(B)(2)(b).

Presumably, Plaintiff intended to refer to Listing 1.04C, which was explicitly discussed in the ALJ's decision. (Tr. 18). Under Listing 1.04C, Plaintiff has the burden of demonstrating he has an "inability to ambulate effectively." Here, Plaintiff has made no demonstration–and has not even attempted to argue–that he is unable to ambulate effectively. Accordingly, the Court finds Plaintiff has not demonstrated his impairment meets the requirements of any of the Listings, including Listing 1.04C. *See McCoy v. Astrue,* 648 F.3d 605, 611-12 (8th Cir. 2011) (to qualify for disability under a listing, the claimant has the burden of establishing his or her condition meets or equals all specified medical criteria).

**B. Plaintiff's Subjective Complaints**

Plaintiff claims the ALJ erred in assessing his subjective complaints. ECF No. 11 at 14-16. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).

As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ complied with the requirements of *Polaski*. (Tr. 19-21). Indeed, in his opinion, the ALJ outlined the *Polaski* factors and then discounted Plaintiff's subjective complaints based primarily upon his daily activities: "Despite these [Plaintiff's] allegations, the

claimant cares for pets, attends to all his personal care needs, prepares meals, drives, shops, pays bills, counts change, uses a checkbook, handles a savings account, reads, watches television, and spends time with others. . . . The claimant has described daily activities that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations, which weakens the credibility of his allegations." (Tr. 19).

Because the ALJ considered the *Polaski* factors and then provided this valid reason for discounting Plaintiff's subjective complaints, the Court finds no basis for reversal on this issue. *See McCoy v. Astrue,* 648 F.3d 605, 614 (8th Cir. 2011) (holding where the ALJ explicitly discredits a claimant and gives good reasons for doing so, the court normally defers to the ALJ's credibility findings). *See also Goff v. Barnhart,* 421 F.3d 785, 791 (8th Cir. 2005) (recognizing the ALJ need not explicitly discuss every *Polaski* factor in his or her opinion prior to discounting a clamant's subjective complaints).

**C. Plaintiff's Medical Evidence**

Plaintiff claims the ALJ erred in disregarding the findings of Dr. Bernard Crowell, M.D. ECF No. 11 at 16-18. In making this argument, Plaintiff claims Dr. Crowell is entitled to "special deference" because he was Plaintiff's treating physician. *Id.* Upon review, the Court finds Plaintiff is mistaken in his argument. Indeed, Dr. Crowell was only a one-time examining physician and not a treating physician. (Tr. 587-594). Thus, his opinions are not entitled to any "special deference," and the ALJ did not err in disregarding his findings. *See* 20 C.F.R. § 404.1527(c) (recognizing only the findings of treating physician are generally entitled to "controlling weight").

**D. Hypothetical to the VE**

Plaintiff claims the ALJ's disability determination is not supported by substantial evidence

in the record because the ALJ gave a defective hypothetical to the VE. ECF No. 11 at 19-20. Plaintiff claims this hypothetical was defective because Dr. Crowell's findings were not included as a part of the ALJ's hypothetical to the VE. *Id.*

In a hypothetical to the VE, an ALJ need only include those limitations that he or she finds to be credible. *See Buckner v. Astrue,* 646 F.3d 549, 560-61 (8th Cir. 2011) (holding the VE's testimony constitutes substantial evidence when it is based on a hypothetical question that accounts for all of the claimant's proven impairments). Here, as noted above, the ALJ properly disregarded Dr. Crowell's findings and found they were not credible. As such, he was not required to incorporate Dr. Crowell's findings as a part of his hypothetical to the VE. Thus, the Court finds no basis for reversal on this issue.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 9th day of July 2014.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE